|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | | |
|---|---|---|
| PRADEEP MATARAGE DON, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. _____ |
| CONSOLIDATED SERVICES OF NORTH AMERICA, LLC, DYLAN OHANA AND IDAN OHANA | § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF PRADEEP MATARAGE DON'S ORIGINAL COMPLAINT

Plaintiff Pradeep Matarage Don (referred to as "Matarage" or "Plaintiff") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants Consolidated Services of North America, LLC. (referred to as "CSNA"), Dylan Ohana (referred to as "D. Ohana") and Idan Ohana (referred to as "I. Ohana") (collectively referred to as "Defendants") who worked as an HVAC Service Technician during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1. Plaintiff's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Defendants violated the FLSA by employing Plaintiff and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Plaintiff brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendants who worked HVAC Service Technician during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division. 28 U.S.C. § 1391(b)(2).

## III. Parties

9. Matarage is an individual who resides in Harris County, Texas and who was employed by Defendants during the last three years.

10. Consolidated Services of North America, LLC is a Texas limited liability company that may be served with process by serving its registered agent:

> Idan Ohana
> 9113 Harbor Hills Dr.
> Houston, Texas 77054

Alternatively, if the registered agent of CSNA cannot with reasonable diligence be found at the company's registered office, CSNA may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. Defendant Dylan Ohana is an individual who may be served with process at:

>5833 Westview Drive
>Houston, Texas 77055

or wherever he may be found. Alternatively, Dylan Ohana may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Defendant Idan Ohana is an individual who may be served with process at:

>5833 Westview Drive
>Houston, Texas 77055

or wherever he may be found. Alternatively, Idan Ohana may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

13. An allegation that CSNA committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of CSNA or was done in the normal course and scope of employment of CSNA's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

14. CSNA provides air conditioning, electrical and plumbing services. See generally, CSNA, https://www.csnatx.com/services (last visited March. 28, 2022).

15. Defendants do business in the territorial jurisdiction of this Court.

16. Defendants employed Matarage as an HVAC Service Technician from approximately November of 2015 through February of 2022.

17. D. Ohana and I. Ohana was also Matarage's employer—and individually liable to him for the FLSA violations described below—because they: (1) had the authority to hire and fire employees, including Plaintiff; (2) supervised or controlled employees' schedules or conditions of employment, including Plaintiff's schedule and/or conditions of employment; (3) determined the rate or method of payment for employees, including Plaintiff; and/or (4) maintained employee records, including Plaintiff's records.

18. As a HVAC Service Technician, Plaintiff was responsible for the installation and repair of HVAC systems.

19. During Plaintiff's employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

20. During Plaintiff's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce.

21. During Plaintiff's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

22. During Plaintiff's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

23. Defendants paid Plaintiff on a salary basis.

24. Defendants paid Plaintiff on a weekly basis.

25. Moreover, during Plaintiff's employment with Defendants, he regularly worked in excess of forty hours per week.

26. Defendants knew or should have known that Plaintiff worked in excess of forty hours per week.

27. Defendants did not pay Plaintiff overtime compensation "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

28. Plaintiff was not exempt from the maximum hour requirements of the FLSA.

29. As a HVAC Service Technician, Plaintiff's primary duties were nonexempt.

30. As a HVAC Service Technician, Plaintiff's primary duties did not include office or nonmanual work.

31. As a HVAC Service Technician, Plaintiff's primary duties were not directly related to the management or general business operations of Defendant or its customers.

32. As a HVAC Service Technician, Plaintiff's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

33. As a HVAC Service Technician, Plaintiff did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

34. As a HVAC Service Technician, Plaintiff was, instead, required to follow Defendants' policies, practices and procedures.

35. As a HVAC Service Technician, Plaintiff did not have any independent authority to deviate from Defendants' policies, practices and procedures.

36. Defendants knew or should have known that Plaintiff was not exempt from the maximum hour requirements of the FLSA.

37. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

38. During Plaintiff's employment with Defendants, the company did not maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

39. During Plaintiff's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

40. Defendants continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practice(s) violated the FLSA.

41. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

42. Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiff.

43. Because Defendants willfully violated the FLSA, the company is liable to Plaintiff for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

44. As a result of the FLSA violation(s) described above, Defendants are liable to Plaintiff for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

45. All HVAC Service Technicians that were subject to this pay are policy are similarly situated to Plaintiff because they (1) were subject to the same uniform pay policy or practice; (2) were in traditionally non-exempt positions; (3) regularly worked in excess of forty hours per week; (4) are not paid the entirety of their overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

46. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

47. During Plaintiff's employment with Defendants, he was a nonexempt employee.

48. As nonexempt employee, Defendants was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours they worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

49. Defendants did not pay Plaintiff overtime compensation as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

50. If Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

51. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Defendants willfully violated the overtime requirements of the FLSA.

## VII.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54. During Plaintiff's employment with Defendants, the company did not maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

55. During Plaintiff's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

56. Defendants continued the pay practice(s) complained of by Plaintiff without investigation after being put on notice that the pay practice(s) violated the FLSA.

57. Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

58. Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Plaintiffs.

59. Because Defendants willfully violated the FLSA, the company is liable to Plaintiffs for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VIII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

60. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61. On information and belief, other employees of Defendants have been victimized by the FLSA violation(s) described above.

62. HVAC Service Technicians are similarly situated to Plaintiff because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

63. Defendants' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64. Since Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65. For these reasons, Plaintiff requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All HVAC Service Technicians who were employed by Defendants during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and were misclassified as exempt from overtime.

66. Defendants are liable to Plaintiff and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

67. Plaintiff has retained counsel who are well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

### IX. Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

68. Plaintiff adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69. Plaintiff is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70. Plaintiff is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71. Plaintiff has retained the professional services of the undersigned attorneys.

72. Plaintiff has complied with the conditions precedent to recovering attorney's fees and costs.

73. Plaintiff has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74. The attorney's fees and costs incurred or that may be incurred by Plaintiff was or are reasonable and necessary.

75. Defendants are liable to Plaintiff and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## X. Relief Sought

76. Plaintiff demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. incentive award for any class representative(s);

    c. judgment against Defendants in Plaintiffs favor both individually and on behalf of the putative class members for unpaid wages, including overtime, liquidated damages and attorney's fees, plus interest and costs;

    d. postjudgment interest at the applicable rate;

    e. all other relief and sums that may be adjudged against Defendants in Plaintiff's favor both individually and on behalf of the putative class members.

Case 4:22-cv-01021   Document 1   Filed on 03/29/22 in TXSD   Page 14 of 15

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 1110
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _____
Melissa Moore
State Bar No. 24013189
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFFS**